IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ERIC ANTHONY SHULER, ) | |
| ) | No. 0:13-cv-01504-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court rejects the R&R, reverses the Commissioner's decision, and remands for further administrative proceedings.

## I.   BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.     Procedural History

Plaintiff Eric Anthony Shuler ("Shuler") filed an application for DIB on September 2, 2009, alleging disability beginning on January 8, 2009. The Social Security Agency denied Shuler's claim initially and on reconsideration. Shuler requested a hearing before an administrative law judge ("ALJ"), and ALJ Linda R. Haack held a hearing on May 16, 2011. The ALJ issued a decision on July 28, 2011, finding Shuler not disabled under the Social Security Act. Shuler requested Appeals Council review of

1

the ALJ's decision. The Appeals Council denied Shuler's request for review, rendering the ALJ's decision the final decision of the Commissioner.

On June 3, 2013, Shuler filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on June 30, 2014, recommending that this court affirm the ALJ's decision. Shuler filed objections to the R&R on July 17, 2014 and the Commissioner responded to Shuler's objections on July 30, 2014. The matter is now ripe for the court's review.

### B.     Medical History

Because Shuler's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead only notes a few relevant facts. Shuler was born on March 13, 1974 and was 34 years old on the alleged onset date. He has a ninth-grade education and past relevant work experience hanging drywall.

### C.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Shuler was disabled from January 8, 2009 through July 28, 2011. The ALJ first determined that Shuler did not engage in substantial gainful activity during the relevant time period. Tr. 17. At the second step, the ALJ found that Shuler suffered from the following severe impairment: post laminectomy syndrome. Id. At step three, the ALJ determined that Shuler's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments. Tr. 19; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined that Shuler had the residual functional capacity ("RFC") to: sit for six hours and stand or walk for six hours in an eight-hour work day with normal breaks, although

he should have the freedom to change positions; lift twenty pounds occasionally and ten pounds frequently; push and pull with his upper extremities within the same pound limitations; occasionally operate foot controls with his lower extremities; and perform other postural activities occasionally. Tr. 19. The ALJ further determined that Shuler could not climb ladders, ropes, or scaffolds, and must avoid unprotected heights and dangerous moving machinery. Id. The ALJ found, at step four, that Shuler was unable to perform any past relevant work. Tr. 24. Finally, at the fifth step, the ALJ found that considering Shuler's age, education, work experience, and RFC, he could perform jobs existing in significant numbers in the national economy, and therefore concluded that he was not disabled during the period at issue. Tr. 25-26.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations

omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.  DISCUSSION

Shuler objects to the R&R on two grounds, arguing the magistrate judge erred in: (1) finding that the ALJ properly discussed the combined effect of his impairments; and (2) finding that the ALJ properly analyzed his credibility.  Because Shuler's first objection provides grounds for remand, the court does not consider the remaining objection.

> Federal law states that:
>
> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(B) (2012); see also 20 C.F.R. § 404.1523 (2013) ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.").  As the Fourth Circuit has explained, "a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).

> It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect,

4

> taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effective [sic] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them.

Id. at 50; see also Saxon v. Astrue, 662 F. Supp. 2d 471, 479 (D.S.C. 2009) (collecting cases that describe the importance of analyzing a claimant's impairments both separately and in combination). "As a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50; see also Mazyck v. Astrue, No. 8:10-cv-2780, 2012 WL 315648, at *2 (D.S.C. Feb. 1, 2012) ("The ALJ must consider the severe and non-severe complaints and impairments in combination in determining the Plaintiff's disability."). This explanation must include more than a "generic declaration that '[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.'" Brown v. Astrue, No. 11-cv-03245, 2013 WL 642189, at *10 (D.S.C. Jan. 31, 2013), adopted by 2013 WL 645958 (D.S.C. Feb. 21, 2013).

At step three of the sequential evaluation process, the ALJ determined that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the criteria of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 19. This language almost exactly mirrors the language that was found wanting in Brown. As in Brown and Walker, the ALJ in this case failed to analyze the cumulative effects of Shuler's impairments. Instead, he simply noted that Shuler's severe impairment does not, by itself, meet or equal a listed impairment. This explanation, and the conclusory statement that Shuler's combination of impairments does not meet or equal the listed impairments, fails to meet the level of analysis required by

Walker and its progeny. As a result, the court cannot discern whether the ALJ's decision was supported by substantial evidence and remand is appropriate.[1]

### IV.  CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** for further administrative proceedings.

**AND IT IS SO ORDERED**.

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**September 26, 2014**
**Charleston, South Carolina**

---

[1] The court does not express an opinion regarding whether Shuler's combination of impairments would render him disabled. The opinion, as currently written, simply does not provide enough discussion for the court to determine whether Shuler's impairments, in combination, meet or medically equal a listing.

6